IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

SCOTT ALLEN TAYLOR                                                                                   PLAINTIFF
ADC #147779

V.                                       NO: 4:16CV00744 JLH/PSH

FAULKNER COUNTY SHERIFF OFFICE                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Relevant Facts

Plaintiff Scott Allen Taylor, who is currently held at the Faulkner County Detention Center Unit 1, filed a *pro se* complaint on October 13, 2016, naming as defendant the Faulkner County Sheriff Office. Taylor alleges the following in his complaint:

> I had sent 3 to 4 grievances concerning dust that is acumilating on all walls and air vent above male housing shower. I believe Ive been asking to have this issue looked into or fixed. Its continuing to get worse and breathing it in isnt good for health. Issue has not been looked at or fixed.

Taylor also notes that facility "Rule Book" requires detention center employees to provide

adequate cleaning supplies to inmates and allow time for them to clean, make repairs, inspect living areas for cleanliness and properly functioning equipment, and to notify maintenance or instruct on any areas of concern. For the reasons set forth below, Taylor's complaint should be dismissed.

## II.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## III.  Analysis

Taylor in essence is claiming the conditions of his confinement amount to cruel and unusual punishment, and violate his constitutional rights. The only defendant named is the Faulkner County Sheriff Office. However, a sheriff's department is not subject to suit. *See Dean v. Barber*, 951 F.2d

1210, 1214 (11th Cir. 1992) (police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (West Memphis Police Department and Paramedic Services are departments of the city government and not separate juridical entities suable as such); *De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 Fed.Appx. 436, 437 (8th Cir. 2001) (unpublished per curiam) (sheriff's department not a suable entity).  To the extent that Taylor is attempting to pursue a claim against Faulkner County, he has failed to identify any county policy or practice which caused an injury.  A local government may not be sued under section 1983 on a *respondeat superior* theory.  *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  In order to establish municipal liability, Taylor must prove a policy, practice, or custom, attributable to the municipality, and show that the policy, practice, or custom directly caused a constitutional injury.  *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004).  Taylor has failed to make such an allegation.  In fact, Taylor alleges just the opposite–that the facility's "Rule Book" requires the provision of cleaning supplies, time to clean, and inspection of the living areas.

Furthermore, the conditions Taylor described simply do not rise to the level of a constitutional violation.  According to Taylor's complaint, he is serving a sentence as a result of a judgment of conviction.  To prevail on a condition of confinement claim, a convicted prisoner must show:  (1) the condition was serious enough to deprive him of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety.  *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).  Although Taylor claims dust is accumulating in the shower areas and speculates it could be unhealthful, he

has alleged no harm, and courts have determined similar or worse conditions did not violate the constitution. *See Roop v. Squadrito*, 70 F.Supp. 2d 868, 875 (N.D. Ind. 1999)(collecting cases)(cell "filthy with dirt and fuzz" not by itself a constitutional violation); *Goldman v. Forbus*, 17 Fed.Appx. 487, 488 (8th Cir. 2001) (unpublished opinion) (two nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir.1996) (no constitutional violation when a pretrial detainee was subjected to raw sewage for four days); *White v. Nix*, 7 F.3d 120, 121 (8th Cir.1993) (eleven days in an unsanitary cell did not amount to a constitutional violation). Taylor's complaint should therefore be dismissed.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Scott Allen Taylor's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 2nd day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE